ALLEN T. WILLSON, Appellant, v. 'ANDERSON CUMMINGS, Respondent.

No. 2414; December 13, 1859.

Reference.—When, Under an Appropriate Stipulation, an order of reference is made with authority to the referee to try the issues and report a judgment, and the referee thereupon overrules a demurrer to the complaint and promptly reports a judgment for the plaintiff which the clerk of court enters on the same day, and subsequently execution is issued, it is proper for the court, upon

motion and affidavits and the papers in the case, to set aside the judgment and execution and to grant to the defendant, he having moved with due diligence under the stipulation, leave to file his answer to the complaint.

APPEAL from Twelfth Judicial District, San Francisco County.

A. T. Willson for appellant; H. K. W. Clarke for respondent.

COPE, J.—This case was referred to a referee to try the issues and report a judgment. The order of reference was based upon a written stipulation of the parties, in which it was provided that either party dissatisfied with the report of the referee could except to the decision within ten days, and in case of any exceptions being taken, that the referee should report the evidence and proceedings before him within twenty days. When the order was made no answer had been filed and the only issues were those presented by a demurrer to the complaint. The referee decided that the complaint was sufficient, and reported a final judgment in favor of the plaintiff. This report was filed on the 18th of March, 1858, and on the same day the clerk proceeded to enter a judgment for the plaintiff in accordance with the prayer of the complaint, upon which judgment an execution was subsequently issued. On the 27th of March, 1858, the defendant moved, upon affidavits and the papers in the case, to set aside this execution and judgment and for leave to answer, which motion was granted by the court.

The court undoubtedly possessed the power to grant the relief sought by this motion, and under the circumstances we think the power was properly exercised. It was certainly not the intention of the parties that the case should be finally determined upon the complaint and demurrer. If the demurrer had been sustained, the complaint could easily have been amended so as to present a good cause of action, and the affidavits upon which this motion was based disclose prima facie a valid defense. But the intention of the parties is sufficiently shown in the stipulation itself. If it had been understood that issues of law only were to be tried, it

is not probable that a provision would have been inserted for reporting the evidence.

The order of the court below setting aside the execution and judgment and granting the defendant leave to answer is affirmed.

We concur: Baldwin, J.; Field, C. J.